CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

APR 0 1 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Civil Action No. 5:11-cr-00026-1 |
| | ) | |
| v. | ) | <u>§ 2255 OPINION</u> |
| | ) | |
| RUSSELL KINNARD HENRY, JR., | ) | By:   Hon. Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

This matter is before the court on the United States' motion to dismiss (Docket No. 84). Petitioner Russell Kinnard Henry, Jr., a federal inmate proceeding <u>pro se</u>, brought this action pursuant to 28 U.S.C. § 2255, motion to vacate, set aside or correct the sentence ("§ 2255 Motion") (Docket No. 71). Henry alleges that counsel did not inform him of a written plea offer from the United States and that he was prejudiced by accepting a second written plea offer that had less favorable terms. Henry further alleges that counsel did not give him sufficient time to review the second written plea offer, and infrequently communicated with him. The United States filed a motion to dismiss, and petitioner responded, making the matter ripe for the court's consideration. After reviewing the record, the court is unable to resolve without further factual development petitioner's claim that counsel rendered ineffective assistance by failing to disclose the first written plea offer and, therefore, an evidentiary hearing is necessary.

I.   **Background**

Henry was indicted on a total of twenty-four counts, with eight counts each of bank fraud, theft by a bank employee and making false statements to a bank, in violation of 18 U.S.C. §§ 1344, 656 and 1014, respectively. (Docket No. 3) Henry was represented by attorney Gene Hart throughout the proceedings, with the exception of a period when attorney Hart withdrew briefly from representation. (Docket Nos. 17, 19 & 23) Three days prior to trial, Henry entered

a guilty plea as to counts eight, fourteen and twenty-four, in exchange for which the remaining charges were dismissed. The court convicted Henry of the three charges: bank fraud (count 8); theft, embezzlement or misapplication by a bank officer or employee of greater than $1,000 (count fourteen); and making a false statement to influence a financial institution (count twenty-four); in violation of 18 U.S.C. §§ 1344, 656, and 1014. Henry was sentenced to three concurrent terms of 57 months in prison and $532,044.39 in restitution.

Henry now contends in his § 2255 motion that he received constitutionally ineffective assistance of counsel. In particular, Henry claims that counsel did not inform him of a written plea offer from the United States and that he was prejudiced by accepting a second written plea offer that had less favorable terms. Petitioner claims that, following the sentencing hearing, his counsel told him that the United States had previously offered a plea agreement for thirty-six to forty-two months' incarceration, but that counsel had not disclosed the offer to petitioner. The United States asserts that even if defense counsel failed to convey a proposed plea offer, Henry was not prejudiced.[1] Henry further claims that counsel did not give him sufficient time to review the second written plea offer and that his counsel infrequently communicated with him. Henry states that because his attorney waited until only four days prior to trial to discuss his defense, he was unable to fully study the risk and consequences of the plea agreement or negotiate changes to it. Henry also states that the prosecutor did not move for a one-point decrease in his offense level for timely acceptance of responsibility because Henry waited until the eve of trial to admit guilt. Henry claims he did not have an opportunity to conclude the case by pleading guilty earlier because his attorney was not communicating with him or keeping him

---

[1] The United States has indicated that counsel for the petitioner declined to discuss the petitioner's allegations, in light of Virginia State Bar's Legal Ethics Opinion 1859, based on his understanding that absent a court order directing him to respond, such discussion would violate his ethical duties to his former client.

advised of the prosecutor's offers.

## II. Ineffective Assistance of Counsel Regarding Communication of the First Plea Offer

Henry claims that his counsel failed to inform him of a plea offer including a sentence of three and a half years incarceration. Henry claims that he was first informed of the existence of this plea offer when his attorney stated after his sentencing hearing that "he should have taken the offer of 3 to 3 1/2 years offered by the prosecution earlier." (Docket No. 86) Henry argues that his counsel provided ineffective assistance by failing to inform him of the first plea offer, which he should have had the opportunity to accept.

The United States avers that the government made two formal plea offers in Henry's case, a plea offer sent to defense counsel on December 6, 2010 ("first plea offer") and the plea offer accepted by defendant on November 9, 2011 ("second plea offer"). (Docket No. 84, p. 7) Both plea offers are attached to the respondent's motion to dismiss.

The first proposed plea offer required the petitioner to plead guilty to a single count of bank embezzlement, in violation of 18 U.S.C. §656. In exchange, the Government would stipulate to several items regarding sentencing factors, which would have given the petitioner a minimum offense level of 20 and a guideline advisory range of 33-41 months in prison. The second plea offer required the petitioner to plead guilty to three separate counts, bank fraud, misapplication by a bank officer, and making a false statement for the purpose of influencing a financial institution, in violation of 18 U.S.C. §§ 1344, 656 and 1014, respectively. The minimum offense level was 23, which resulted in a guideline advisory range of 46-57 months in prison. In addition, the second plea offer did not contain a recommendation to the lower end of

the applicable guideline range, or a stipulation as to loss amount, unlike the first plea offer. However, it did contain a provision for a downward departure for substantial assistance, unlike the first plea offer. Both plea offers provided that "the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court." (Docket No. 84-1 & 2)

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the effective assistance of counsel. A petitioner claiming the ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. "[C]riminal defendants require effective counsel during plea negotiations" because "[a]nything less . . . might deny a defendant effective representation by counsel at the only stage when legal aid and advice would help him." Missouri v. Frye, __U.S.__, 132 S. Ct. 1399, 1407-08 (2012) (internal quotation marks and citations omitted). Consequently, defense counsel must communicate the prosecution's formal offers "to accept a plea on terms and conditions that may be favorable to the accused." Id. at 1408. "When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." Id. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. The petitioner must prove both that that there is a reasonable probability that (1) he would have accepted the earlier plea agreement, and (2) that the plea

4

would have been entered without the prosecution canceling it, or the trial court refusing to accept it. Frye, at 1409-10.

In the instant case, the alleged failure of Henry's counsel to communicate the first plea offer, which the United States admits was a formal plea offer, would constitute deficient performance. However, the court is presently unable to resolve the issue of whether this alleged deficient performance resulted in prejudice to the petitioner, on the current record. The government admits, "[i]n hindsight, it is undeniable that the petitioner ultimately received a lengthier term of imprisonment under the November 2011 plea agreement than he would have had the district court accepted the nonbinding stipulations under the December 2010 proposed agreement." (Docket No. 84) However, the government is correct that a defense counsel's failure to convey a proposed plea agreement is not conclusive proof that the petitioner was prejudiced.

In order to establish prejudice, Henry must show a reasonable probability that the "end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of lesser prison time." Frye, at 1409-10. The first plea offer provided for a minimum offense level of 20 and a guideline advisory range of 33-41 months in prison, while the second plea offer provided for a minimum offense level of 23 and a guideline advisory range of 46-57 months in prison. Thus, by accepting the second plea offer and being sentenced to 57 months in prison, it is possible that Henry was subjected to a more severe sentence as a result of counsel's deficient performance. These allegations, which have not been rebutted by Henry's trial counsel, may support Henry's claim. Thus, the court is unable to find that the existing record conclusively establishes that Henry is not entitled to relief on his first claim of ineffective

assistance.

An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary to resolve the issue. See 28 U.S.C. § 2255(b) ("Unless the [§ 2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000). Since the outcome of the evidentiary hearing may affect the issues raised in petitioner's other claims, the court will not yet address the United States' arguments for dismissal of these claims.

### III. Conclusion

For the foregoing reasons, the United States' motion to dismiss will be taken under advisement and the clerk shall set this matter for an evidentiary hearing, as outlined in the accompanying order.

ENTER: This 1st day of April, 2013.

/s/ Michael F. Urbanski
United States District Judge