**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Case No. 5:11-cr-00026-1** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **RUSSELL KINNARD HENRY, JR.,** | ) | **By:  Hon. Michael F. Urbanski** |
| **Petitioner.** | ) | **United States District Judge** |

This matter was referred to the Honorable Robert S. Ballou, United States Magistrate

Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), to make proposed findings of fact and to

recommend a disposition of the United States' motion to dismiss Russell Kinnard Henry's

motion to vacate, set aside, or correct sentence, pursuant to  28 U.S.C. § 2255.  Henry alleges in

his § 2255 motion that retained counsel rendered ineffective assistance in violation of the Sixth

Amendment of the United States Constitution by not specifically communicating the second of

three plea offers and by not generally communicating with Henry between his initial appearance

and a few days before trial.[1]  Presently before the court are Henry's objections to the legal

conclusions in the magistrate judge's Report and Recommendation ("R&R"), which

recommends that the United States' motion to dismiss be granted and the § 2255 motion be

dismissed.

The court has reviewed the magistrate judge's report, the objections to the report, the

transcript of the evidentiary hearing conducted before the magistrate judge, and other pertinent

portions of the record.  In doing so, the court has made a <u>de novo</u> determination of those portions

of the report to which Henry objected.  The court finds that the magistrate judge correctly

---

[1] Henry was not interested in pursuing the first, "draft" plea offer, did not know of the second offer, and accepted the third offer, which had the least favorable terms, days before trial.  The third plea offer differed from the second plea offer in pertinent part by not including a stipulated value of financial loss or an extra-point deduction to the sentencing guidelines for accepting responsibility.  The omission of these terms resulted in a three-point increase in the final advisory sentencing guidelines calculations.

concluded that Henry fails to establish counsel's deficient performance or resulting prejudice as required by Strickland v. Washington, 466 U.S. 668 (1984).

The evidentiary hearing before the magistrate judge revealed that an Assistant United States Attorney emailed the unsolicited second plea offer to counsel's dormant email address at "MSN.com," which counsel had used at some prior time to receive electronic filing notices and was in the Assistant United States Attorney's email contact list, instead of counsel's active email address at "Yahoo.com." This mistake in communication was compounded when the United States never inquired whether counsel received or Henry was interested in the second plea offer. It was uncontested that counsel never received the second plea offer.

Based on these facts, the magistrate judge correctly concluded that "[c]ounsel could not have been ineffective for not sending to Henry something he never had."[2] R&R 4. The magistrate judge also correctly determined that Henry did not establish deficient performance because counsel explained the strength of the United States' case and encouraged Henry to plead guilty early, Henry refused to plead guilty and intended to go to trial, and counsel subsequently prepared for trial per Henry's request. The magistrate judge further correctly determined that Henry did not establish prejudice because no defense was lost by counsel's alleged lack of communication with Henry and because there was no evidence that counsel was not able to defend the case fully and completely.

Henry's objections to the R&R's legal conclusions are based on his belief that counsel had a duty to maintain contact with both the United States Attorney and Henry for the three-year

---

[2] The court does not believe that counsel was ineffective for failing to access a dormant email account, particularly when, as here, counsel had no reason to believe that the United States was using the address. In short, it appears that the United States mistakenly used the wrong email address to communicate the second plea offer, and counsel cannot be considered ineffective under Strickland when counsel had no reason to know the United States was doing so.

2

period between when the investigation of Henry started and trial was scheduled, pursuant to

Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399, 1407-08 (2012), and Lafler v. Cooper, __ U.S. __,

132 S. Ct. 1376, 1384 (2012).[3]  Testimony at the evidentiary hearing revealed that Henry

strongly believed that he that he was civilly, not criminally, liable, rejected the idea of pleading

guilty, and wanted to "delay the proceedings as long as possible."  Tr. 113:15-22.  In light of

these considerations, counsel did not actively seek communications with the United States, and

the only communications counsel received from the United States between the first "draft" plea

offer and days before trial were the United States' infrequent and brief inquiries whether Henry

decided to plead guilty.  Henry fails to explain why, from a strategic perspective, counsel should

have sought communications with the United States or solicited a plea offer from the United

States when he knew Henry refused to plead guilty and wanted to delay the proceedings.  See

Hawkman v. Parratt, 661 F.2d 1161, 1171 (8th Cir. 1981) (recognizing the decision to initiate

plea negotiations is ordinarily a strategic decision within the purview of defense counsel); see

also Strickland, 466 U.S. at 690-91 ("[S]trategic choices made after thorough investigation of

law and facts relevant to plausible options are virtually unchallengeable; and strategic choices

made after less than complete investigation are reasonable precisely to the extent that reasonable

professional judgments support the limitations on investigation."); Bunch v. Thompson, 949 F.2d

1354, 1364 (4th Cir. 1991) (recognizing that the best course for a federal habeas court is to credit

plausible strategic judgments when evaluating ineffectiveness claims).  The United States did not

mention the second plea offer during its inquiries, and counsel never received a plea offer during

---

[3] Frye held that counsel has a duty to communicate a formal plea offer from the prosecution that contains terms
or conditions favorable to a defendant.  132 S. Ct. at 1408.  Lafler held that the Sixth Amendment requires counsel
to provide professionally competent advice about whether a defendant should accept a plea offer.  132 S. Ct. at
1383-89.  Neither of these cases directly addresses the issue in this case because counsel never received the second
plea offer and there is no claim about the quality of counsel's advice about the first or third plea offers.

that period to communicate to Henry. Counsel was not obligated under the Sixth Amendment to check-in with the prosecution to make sure the United States was still investigating Henry, even if such communication could have revealed the existence of the second plea offer.

The court also cannot find counsel performed deficiently by not repeatedly checking with Henry to see if Henry changed his mind and wanted to plead guilty. Henry, who was a banker, admittedly had a "general understanding of the [criminal justice] system." Tr. 41:13-15. Henry previously explained to counsel that he did not want to plead guilty, and Henry could have contacted counsel at any time had he changed his mind.[4] The second plea offer was never communicated to counsel, by no apparent fault of counsel, and counsel cannot be deemed ineffective for not communicating to Henry a plea offer he never knew existed. Nor can counsel be faulted for not checking a dormant email address when counsel had no idea that the United States was using that dormant email address to convey a second plea offer. Counsel received the initial and third plea offers from the United Sates and apprised Henry of the benefits of pleading guilty, satisfying his obligation to be "a reasonably effective advocate" about the decision to seek or accept a plea offer. See, e.g., Brown v. Doe, 2 F.3d 1236, 1246 (2d Cir. 1993). Thus, Henry has not established counsel's deficient performance or resulting prejudice as required by Strickland.

Accordingly, the court overrules the objections to the Report and Recommendation, adopts the Report and Recommendation, grants the United States' motion to dismiss, and dismisses Henry's § 2255 motion. Based upon the court's finding that Henry has not made the

---

[4] Henry was released on bond after his initial appearance and was permitted to self report to the Bureau of Prisons after the sentencing hearing.

requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C.

§ 2253(c), a certificate of appealability is denied.

Entered: August 11, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

5